51 F.3d 273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin NEWSOME, Defendant-Appellant.
 No. 94-5551.
 United States Court of Appeals, Sixth Circuit.
 March 29, 1995.
 
 Before: KENNEDY and NORRIS, Circuit Judges; and BECKWITH, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Kevin D. Newsome pled guilty to possession with intent to distribute approximately 70 grams of cocaine base in violation of 21 U.S.C. Sec. 841(a)(1) and to carrying a firearm during a drug-trafficking offense in violation of 18 U.S.C. Sec. 924(c). His conviction stemmed from an undercover sting operation during which an informant changed his order for powder cocaine to crack cocaine. Defendant appeals his sentence, arguing that the change from powder to crack cocaine constituted sentence manipulation in violation of his due process rights. We affirm.
 
 I.
 
 2
 In June, 1991, Detective Joyner of the Shelby County, Tennessee, Sheriff's Department asked a confidential informant to arrange a purchase of "dope" with defendant. The informant arranged to purchase two ounces of powder cocaine from defendant. The informant testified at the sentencing hearing that in the past when Joyner had asked for "dope" he meant crack cocaine. The informant testified that he knew that Joyner wanted crack this time, too, but that he asked defendant for powder cocaine to avoid arousing suspicion. The informant stated that when Joyner found out that he had only arranged to purchase powder that Joyner asked him to call defendant and see if he could get three ounces of crack. The informant said that Joyner told him he wanted crack because the charges were stronger and involved more prison time. The informant then called defendant and asked him to get three ounces of crack cocaine.
 
 
 3
 Defendant was arrested when he delivered two ounces of crack cocaine. A semi-automatic pistol was found in the front of defendant's pants. Defendant pled guilty on December 28, 1993 to possession with intent to distribute 70 grams of cocaine base and with carrying a firearm during a drug transaction. Following a sentencing hearing, he was sentenced to 120 months in prison for the drug offense followed by a term of 60 months imprisonment on the gun offense. Defendant now appeals his sentence.
 
 II.
 
 4
 Defendant contends that the terms of the drug transaction were changed from two ounces of powder cocaine to three ounces of cocaine base for the sole purpose of increasing his sentence and that the District Court erred in failing to find sentencing manipulation. We disagree.
 
 
 5
 Both parties agree that the relevant facts pertaining to the transaction are undisputed. We review a sentencing court's application of the guidelines to an undisputed set of facts de novo. United States v. Warshawsky, 20 F.3d 204, 212 (6th Cir.1994).
 
 
 6
 To avoid the obvious problem that he consented to the crack transaction, defendant argues that there is a difference between "sentencing enhancement" and "sentencing manipulation." He argues that "sentencing enhancement" requires a defendant to lack the predisposition to deal with the quantity or quality of a drug. On the other hand, defendant contends that the issue in "sentence manipulation" is whether the government's conduct is so outrageous that it offends the due process requirements of fundamental fairness. Several circuits have made such a distinction.[1]
 
 
 7
 In United States v. Sivils, 960 F.2d 587 (6th Cir.), cert. denied, 113 S.Ct. 130 (1992), we recognized that in some circumstances principles of fundamental fairness preclude the government from increasing a defendant's sentence through manipulating the quantity of drugs involved in the offense. In Sivils, the defendant had arranged to purchase a specific dollar amount of cocaine and we held that it would be fundamentally unfair for the government to manipulate the market value of the cocaine and deliver a quantity that was unreasonable in order to increase the defendant's sentence. Id. However, we found that there had been no sentencing manipulation because the defendant ratified the amount of cocaine sold to him when he failed to be surprised at the amount received. Id. at 599.
 
 
 8
 We noted in Sivils that a majority of the Supreme Court was unable to agree whether a defendant's predisposition to commit a crime should bar the fundamental fairness defense as well as the conventional entrapment defense. Hampton v. United States, 425 U.S. 484 (1976) (plurality). Id. at n. 2. We found that we did not need to address the predisposition issue in Sivils because the defendant had ratified the amount chosen by the government. Id. Likewise, in the present case, we need not address predisposition because we do not find the government's conduct to be outrageous or fundamentally unfair. Once again the defendant ratified the drug chosen by the government.
 
 
 9
 Here, the government wanted the informant to arrange a crack purchase because that is what it believed defendant to be selling. The informant, on his own initiative, requested powder cocaine. In any event, the government's desire to find out what a particular individual is selling and to make a substantial case against that individual generally cannot be considered fundamentally unfair. The District Court did not err in rejecting defendant's sentence manipulation argument.
 
 III.
 
 10
 Accordingly, we AFFIRM defendant's sentence.
 
 
 
 *
 The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 See, e.g., United States v. Jones, 18 F.3d 1145, 1152-54 (4th Cir.1994); United States v. Cotts, 14 F.3d 300, 306 n. 2 (7th Cir.1994); United States v. Shephard, 4 F.3d 647, 649 (8th Cir.1993), cert. denied, 114 S.Ct. 1322 (1994)